UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAO CHIAM SAECHAO,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et. al.,<br>Respondents. | No. 1:26-cv-00151-DC-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 3.

According to Petitioner, he was admitted to the United States in 1980 as a refugee then became a lawful permanent resident. See ECF No. 1, pg. 6. Petitioner asserts that in 2002, he pled guilty to criminal charges which resulted in a 56-month prison sentence in federal custody. See id. Petitioner claims Department of Homeland Security ("DHS") then initiated removal proceedings against him, and he was ordered removed on September 21, 2004. See id. at 7. Petitioner asserts he was released from federal custody and detained by DHS for 90 days at which point he was released in 2005, presumably because DHS could not secure the travel documents necessary to deport him. See id. Petitioner claims since his release in 2005 he has been subject to three state prison sentences in 2008, 2015 and 2025. See id. Petitioner asserts in 2008 and 2015

DHS processed him and released him subject to an order of supervision. See id. Petitioner claims on May 28, 2025, following his release from state prison DHS re-detained him denying him due process because he has been continuously detained and removal is not reasonably foreseeable. See id. at 2, 7.

The District Judge ordered Respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions granting Petitioners' Motions for a Temporary Restraining Order in Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. Jul. 16, 2025) and Phan v. Becerra, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735 (E.D. Cal. Jul. 16, 2025)." ECF No. 4. Respondents filed a joint opposition to preliminary injunction and opposition to the temporary restraining order ("TRO") which submitted the instant case is procedurally similar to Hoac and Phan. See ECF No. 6. Pursuant to the court's reasoning in Hoac and Phan, the Court granted Petitioner's TRO and converted the motion for TRO into a motion for preliminary injunction and granted the motion. See ECF No. 7. The Court ordered: "(1) Respondents shall immediately release Petitioner from Respondents' custody; and (2) Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.4(l)." ECF No. 7.

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 7, that Petitioner's detention absent the procedural protections afforded by 8 C.F.R. § 241.13(i)(3) violate due process. See Hossein Keivani v. Mullin, No. 1:26-CV-3292-DC-DMC (HC), 2026 LX 248019, 2026 WL 1706986 (E.D. Cal. June 12, 2026). Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

Dated: August 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE